IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**DEVON WEBSTER,**

       Plaintiff,                       No. 3:11-cv-01543-MO

            v.                     OPINION AND ORDER

**NORTHWEST CANCER**
**SPECIALISTS, P.C.,**

       Defendant.


       **MOSMAN, J.**,

       Plaintiff, Dr. Devon Webster filed a motion [16] to quash subpoenas issued to nonparties

by defendant Northwest Cancer Specialists, d.b.a. Compass Oncology, ("NCS"), and for a

protective order.   For the reasons stated below, the motion is granted in part and denied in part.

## LEGAL STANDARD

       The Federal Rules of Civil Procedure allow discovery of material that is non-privileged

and relevant to any party's claims or defenses. Fed. R. Civ. P. 26(b)(1). Relevancy under this rule

is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other

matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v.*

*Sanders*, 437 U.S. 340, 351 (1978). To discover relevant materials, parties may issue subpoenas

directing a nonparty to produce and permit inspection and copying of documents. Fed. R. Civ. P.

45(a)(1). If a party timely moves to quash such a subpoena, the court must quash or modify the subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). A party challenging a subpoena by claiming a privilege must sufficiently describe the withheld material so that the parties can assess the claim. Fed. R. Civ. P. 45(d)(2). The party moving to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

## DISCUSSION

Dr. Webster sued her former employer, NCS, claiming violations of six federal and state laws due to her treatment at work and subsequent firing. Dr. Webster claims she was discriminated against on the basis of her gender and disability, Multiple Sclerosis. She seeks a declaratory judgment, unspecified economic damages, $750,000 in non-economic damages, $2,000,000 in punitive damages, attorney fees, and costs. NCS issued subpoenas *duces tecum* to Buchannan Angeli Altschul & Sullivan, LLP ("BAAS"), the law firm that represented Dr. Webster in her contract negotiations with NCS and in matters related to her prior employer, Oregon Health & Science University ("OHSU"). NCS also subpoenaed Dr. Webster's care providers for information related to, among other things, mental health treatment. Dr. Webster moved to quash the subpoenas, arguing, *inter alia*, that they seek privileged material. NCS opposed the motion. The parties argued the motion in this court on June 27, 2012, and the following summarizes and supplements the order I issued from the bench.

## I.    Subpoenas Issued to Dr. Webster's Former Attorney

Dr. Webster first argues the subpoenas issued to BAAS seek only irrelevant material. NCS suggests Dr. Webster does not have standing to argue that the subpoenas issued to nonparties seek irrelevant material because she does not have an interest or privilege to confer her standing to

make that challenge. A motion to quash ordinarily "should be made by the person from whom the documents … are requested," and parties lack standing to challenge a subpoena issued to nonparties unless they claim a personal right or privilege in the material. 9A CHARLES A. WRIGHT & ARTHUR MILLER, FED. PRACTICE AND PROCEDURE § 2463.1; *see also Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973–74 (C.D. Cal. 2010) (collecting cases). However, courts have found a variety of personal rights or privileges are sufficient to confer standing. *E.g.*, *Crispin*, 717 F. Supp. 2d at 974 (person's privacy interest in contents of their inbox and profile on social networking site found sufficient to move to quash subpoena to third party internet service provider). Here, because the material NCS seeks is clearly relevant under the broad standard of the Federal Rules of Civil Procedure and *Oppenheimer*, I need not decide whether Dr. Webster must establish standing for this argument because, even assuming she does, the argument fails.

Dr. Webster also claims the materials NCS seeks from her former attorney are covered by the work product doctrine, which protects from discovery documents "prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). A "dual purpose" document is only prepared "in anticipation of litigation" for purposes of the rule if prepared "because of" litigation, meaning that, based on a "totality of the circumstances . . . the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." *In re Grand Jury Subpoena*, 357 F.3d 900, 908 (9th Cir. 2004) (quotation omitted). Even assuming these materials were prepared in part because Dr. Webster foresaw future litigation, BAAS also helped Dr. Webster negotiate her employment contract and establish her credentials for a non-litigation purpose: the underlying employment. And there is no indication the documents would not have been created "but for" the

prospect of litigation. The work product doctrine, therefore, does not protect the materials NCS seeks to discover from BAAS.

Dr. Webster also contends the subpoenaed material is protected by the attorney-client privilege, which protects candid communications between an attorney and her client. *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1492 (9th Cir. 1989) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981)). The burden is on the party asserting the privilege to prove it applies. *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). Dr. Webster has not met her burden at this point of showing that all of the requested documents are privileged. Accordingly, she is ordered to produce all non-privileged material and to provide a privilege log detailing what materials she believes are covered by the privilege so NCS can properly contest her assertion of the privilege.

## II.    Subpoenas Issued to Dr. Webster's Mental Health Providers

Dr. Webster moved to quash subpoenas to her mental health providers, arguing the material sought is protected by the psychotherapist-patient privilege. That privilege protects from disclosure confidential communications made to mental health professionals. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The parties disagree about whether Dr. Webster has waived the privilege by seeking emotional distress damages. Under the so-called "narrow" test for waiver, which I adopt, I find Dr. Webster has not waived the privilege. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 636–38 (N.D. Cal. 2003). She maintains that she will not rely on otherwise privileged materials to prove her emotional distress damages by, for example, calling her treating psychotherapist or other mental health expert. However, the parties also dispute what materials are protected by the privilege, which is not possible in the abstract. To resolve that dispute I order Dr. Webster to

produce all non-privileged materials and to produce a privilege log so that NCS can challenge Dr. Webster's assertion of this privilege.

## CONCLUSION

For the reasons explained above, Dr. Webster's amended motion to quash and for a protective order [16] is GRANTED IN PART AND DENIED IN PART. Specifically, IT IS HEREBY ORDERED THAT, Dr. Webster shall produce a privilege log and any non-privileged materials NCS subpoenaed from Dr. Webster's former counsel. Also, Dr. Webster shall produce a privilege log for mental health records as well as any non-privileged materials NCS requests via subpoena from her mental health providers. The remaining disputes about the applicability of these and other privileges to the specific records NCS seeks will be resolved via email submissions and a future phone conference as discussed at oral argument on June 27, 2012.

IT IS SO ORDERED.

DATED this   7th   day of July, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court